UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 16 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| ISAIAH WHALEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. |
| | § 5:05-CV-015-C |
| | § |
| JO ANNE B. BARNHART, | § |
| Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION

Plaintiff Isaiah Whaley seeks judicial review of a decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court reverse and remand the Commissioner's decision.

**I.      Discussion**

Remand is required in this case for further consideration of evidence Whaley submitted to the Appeals Council. The evidence, which concerns Whaley's mental impairments and consists of records from Lubbock Regional Mental Health and Mental Retardation Center (Lubbock MHMR), was generated beginning on April 10, 2003, and

ending on September 20, 2004. (Tr. 2A, 300-356.) Although most of the evidence predates the administrative hearing, which was held on September 13, 2004, the evidence was not in the record for the Administrative Law Judge (ALJ) to consider. (*See* Tr. 2A, 297.) For unknown reasons, the medical evidence in the record from Lubbock MHMR was confined to Whaley's psychiatric treatment beginning in March 2001 and ending March 2003. (Tr. 118-213, 297.)

The Commissioner argues that the ALJ was not under an obligation to obtain the missing evidence. The Commissioner notified Whaley of his responsibility to submit additional evidence to the ALJ. (Tr. 21.) At the hearing, Whaley was represented by a non-attorney who was employed by Lubbock MHMR. (Tr. 296, 357.) Although the transcript record did not contain complete and current records from MHMR, Whaley's representative failed to object to the record and failed to offer the additional records. (Tr. 296.)

On the other hand, Whaley did submit the evidence to the Appeals Council. Therefore, the evidence is part of the Commissioner's final decision and subject to the court's substantial evidence review. *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005).

The additional evidence consists primarily of examination notes from Whaley's treating psychiatrist at Lubbock MHMR, Elizabeth Davidson, M.D. The evidence shows, as did the evidence before the ALJ, that Whaley suffered from schizoaffective disorder with depressive features and that he experienced auditory hallucinations and paranoia. (Tr. 12-13,

313.) However, the additional evidence contains further findings that might have altered the ALJ's analysis or decision. For example, the ALJ found that despite having schizoaffective disorder, Whaley's symptoms improved with medication; his symptoms of depression were found to be mild and although he had been assigned a Global Assessment of Functioning (GAF) rating of 50 and 55, the scores were later reassessed at 60. (Tr. 12-13.) However, Dr. Davidson's notes indicate that medication was not consistently effective in easing Whaley's depression or in combating his hallucinations and paranoia. (Tr. 334, 325.) In fact, the additional evidence shows that despite medication, Whaley was consistently plagued with auditory hallucinations and paranoia. (Tr. 305, 313, 319, 325, 332, 334, 355.)

In addition, Dr. Davidson assigned much lower GAF scores to Whaley than shown in the evidence before the ALJ. On February 4, 2004, she assigned Whaley a GAF of 45 and on September 2, 2004, just weeks before the hearing, she assigned a score of 35. (Tr. 325-26, 355-56.) An individual assigned a GAF score of 45 would likely exhibit a serious impairment in occupational functioning. AMERICAN PSYCHIATRIC ASS'N DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 34 (4th ed. 2000) (DSM-IV). An individual assigned a GAF score of 35 would likely exhibit a major impairment in several areas of functioning, including work, judgment, thinking, and mood. *Id.* In contrast, Whaley's GAF score of 60, which the ALJ acknowledged in his decision, indicates only "moderate difficulty in social, occupational, or school functioning." *Id.*

Not only does the additional evidence show more severe symptoms than that shown in the evidence before the ALJ, the evidence might have altered the ALJ's analysis and/or ultimate conclusions. The ALJ concluded that Whaley's symptoms did not meet the criteria of an impairment listed in the Commissioner's regulations and that Whaley was capable of performing the mental requirements of unskilled work. (Tr. 13-14.) He stated that his conclusions were based on testimony provided by Ann Turbeville, M.D., including her testimony that Whaley had become depressed and anxious because of probation difficulties and that his depression was related to his long-term drug abuse which ended in November 2000. (Tr. 14-15.)

Dr. Turbeville, however, did not have the additional evidence Whaley submitted to the Appeals Council. That evidence detracts from a conclusion that Whaley's mental impairments were situational. According to Dr. Davidson's notes up to the time of the hearing, Whaley consistently reported problems with depression and hallucinations and difficulties with memory, concentration, and thought processes. (*See, e.g.,* Tr. 319, 325, 332, 344, 355.) Further, contrary to the evidence before Dr. Turbeville, the additional evidence shows that Whaley experienced paranoid delusions in addition to auditory hallucinations. (Tr. 326; *compare* Tr. 374-75.)

The additional evidence provides insight into the severity and limitations caused by Whaley's mental impairments and, therefore, should have been considered in deciding the merits of his claim. Rather than analyze the additional evidence, however, the Appeals

4

Council "perfunctorily adhered to the decision of the hearing examiner." *See Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). Under the substantial evidence standard, a decision denying benefits must be based on the record as a whole, which includes additional evidence submitted to the Appeals Council. *See Smith v. Schweiker*, 646 F.2d 1075, 1082 (5th Cir. 1981). Because neither the ALJ nor the Appeals Council analyzed the additional evidence, the court cannot find that the Commissioner's decision is supported by substantial evidence and should remand Whaley's case for consideration of the entire record, including the additional evidence submitted to the Appeals Council. *Higginbotham*, 405 F.3d at 337; *Smith*, 646 F.2d at 1082; *Epps*, 624 F.2d at 1273.

## II.     Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse and remand the Commissioner's decision for further administrative proceedings.

## III.    Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _September 16_, 2005.

NANCY M. KOENIG
United States Magistrate Judge